UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LILIANNE PEREZ,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

CASE NO. 9:20-cv-81675

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes LILIANNE PEREZ ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Palm Beach County, Florida, which is within the Southern District of Florida.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Credit One Bank, N.A. ("Credit One Bank").

8. Plaintiff used her Credit One Bank credit card to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Credit One Bank and eventually sold to Defendant for collection purposes.

10. Sometime in August of 2019, Plaintiff spoke to one of Defendant's representative and discussed a potential payment plan. However, Plaintiff and Defendant were unable to reach a payment agreement during this call.

11. Thereafter, on or around August 24, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff.

---

[1] https://www.midlandcredit.com/who-is-mcm/

12.  Defendant's August 24th letter was enclosed in envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT**" on the exterior in bold font.

13. Plaintiff immediately opened the envelopes upon reading "**TIME SENSITIVE DOCUMENT.**"

14. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on the exterior created a false sense of urgency for Plaintiff who was unable to address the subject debt, in turn creating unnecessary distress in Plaintiff.

15. In the body of the August 24th letter, Defendant stated "on August 21, 2020, you agreed to pay MCM $490.63 by making a single payment via debit card. This agreement will resolve your account."

16.  Plaintiff was shocked and confused by Defendant's letter as she had never agreed to a payment plan.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

18. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her federally protected interests as a result of Defendant's conduct.

19. Plaintiff was further subjected to deceptive and misleading conduct by Defendant, which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and alleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

27. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on envelope letter dated August 24, 2020. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes and letters, thus Defendant acted deceptively by including it in clear violation of the FDCPA.

28. Defendant further violated §§1692e and e(10) by stating in its August 24th collection letter that Plaintiff had agreed make a payment of $490.63 to Defendant when Plaintiff did not agree to such a payment arrangement.  Defendant's August 24th collection letter only served to worry and confuse Plaintiff. Defendant's goal was to deceptively extract payment from Plaintiff with its false statement.

    b. **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

31. Defendant violated § 1692f(8) when it unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT**" on the front of the envelopes violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT.**" Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**".

WHEREFORE, Plaintiff LILIANNE PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

 e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 14, 2020         Respectfully Submitted,

                  /s/Alejandro E. Figueroa
                  Alejandro E. Figueroa, Esq.
                  Florida Bar No. 1021163
                  *Counsel for Plaintiff*
                  Sulaiman Law Group, Ltd
                  2500 S Highland Ave, Suite 200
                  Lombard, IL 60148
                  Telephone: (630) 575-8181 Ext. 120
                  alejandrof@sulaimanlaw.com